IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

              Plaintiff,                  CIV S-06-0217 FCD GGH PS

     vs.

KATHRYN LOUISE JONES,

                             ORDER AND

           Defendants.           FINDINGS AND RECOMMENDATIONS

_____/   (Certification of Facts)

*Introduction and Summary*

> The filing of baseless liens to harass government officials has
> become a standard tax protestor ploy.  The liens are easy to file and
> not easy to remove.  No judge or other officer would like to have
> them filed on his or her property.  They bear the mark of malice...

<u>United States v. Marsh</u> 144 F.3d 1229, 1241 (9th Cir. 1998).

A favorite form of lien is the Uniform Commerical Code Lien filed, in California, with the

Secretary of State.  The liens are based on a tortured "contract" analogy, i.e., if the targeted

government official has not preformed his or her duties in accordance with the tax protestor's

wishes, that government official has "breached" his "contract" with the American public,

1

including the filer.  See e.g., Adask, *Commercial Lien Strategy* as reprinted on

http://famguardian1.org/Subjects/Taxes/Articles/ Commercial Lien Strategy.  Of course, the tax

protestor shamelessly uses governmental offices in order to file the lien.  To add insult to injury,

the United States or other governmental entity is then required to expend taxpayer resources,

including resort to the courts, in order to expunge the liens, or take other action.

It is all too easy for a court, burdened already with non-frivolous litigation, to

simply take the most expedient acts to rid itself of frivolous litigation.  Of course, the expediency

is not realized when the next lien case, and the next lien case, etc. is then the subject of

adjudication.  There comes a time when expediency should give way to appropriate measures to

curb abuse.

*Certified Facts*

This action commenced with the United States' complaint to expunge and nullify

UCC liens filed by Jones in California and with the County Recorder, Pima County, Arizona;

default judgments also filed with the County Recorder were sought to be nullified.  Appearing

"on the soil, all rights reserved," Jones brought a motion to dismiss the complaint based on such

"well established" theories as "Notice of Counterfeit Securities, Notice of Holder in Due Course

Fraud."

The motion to dismiss was not properly noticed but was set for hearing by the

court on May 4, 2006 to be heard on June 22, 2006.  That order directed Jones to personally

appear at the June 22, 2006 hearing.  Having invoked the Rule 12 procedure, the undersigned

desired a full explanation of defendant Jones' motion.

Jones did not file opposition or a non-opposition to the government's motion, nor

was there an appearance by Jones at hearing of the motions.[1]  Accordingly, by order filed June

27, 2006, the court issued an order to show cause requiring Jones to personally appear on July 20,

---

[1]  Jones did file documents which were non-responsive to the government's motion, such as a motion to strike and a motion for more definite statement.

1   2006 to explain why the court should not certify facts to the district judge and recommend that

2   Jones be held in contempt of court for failing to obey the May 4, 2006 order.  Jones was warned

3   that a finding of contempt might result in a fine or incarceration or both, and might include an

4   award of attorney's fees.  Jones was also ordered to file a response to the order to show cause.

5   Jones was cautioned that failure to comply with the June 27, 2006 order would result in a

6   recommendation to the district judge that she be held in contempt of court.  Jones filed a

7   response to the order to show cause which was unintelligible, and also filed a copy of the order to

8   show cause with language printed over the top page which states:

9
> This 'order' failing to conform with any applicable published and
> promulgated law(s) or rule(s) for its issuance, and manifesting

10
> dishonor and violation of 28 U.S.C. § 636(b)(2) and (3), F.R.C.P.
> Rules 53(b), 73(a) and (b) and 83(1) and (2), and 28 U.S.C. §§

11
> 2072(a) and (b), is hereby returned to its maker, 'Refused for cause
> without dishonor and, without recourse to me' pursuant to U.C.C.

12
> § 3-501(b)(3)(ii) nunc pro tunc '6/27/06.'

13   See Response, filed July 12, 2006; Reply, filed July 14, 2006.  This response is typical of the type

14   of language used in Jones' pleadings.

15          At hearing on July 20, 2006, attorney Yoshinori Himel appeared for the United

16   States.  Kathryn Jones did not appear at the hearing.  At that time, the court stated its intent to

17   certify facts and recommend contempt to the district judge.

18   *Discussion*

19          In sum, Jones has wilfully violated two orders requiring her personal appearance

20   at two hearings, and has failed to file any explanation for her failures.  Add to these flagrant

21   violations the larger problem of the underlying case which the government has been forced to

22   bring based on Jones' allegedly having filed false UCC financing statements and default

23   judgments against several Internal Revenue Service employees, presumably because she was

24   unhappy with their attempts to collect taxes.  The filing of false liens against government

25   officials by parties who are unhappy with their actions has become an ever growing problem, in

26   part because the Secretary of State of California will accept for filing any paper without regard to

3

1   patent invalidity.  Such actions by parties like Jones serve as a deterrent to those individuals who

2   are considering government service, especially the important service of funding the nations'

3   government.  Furthermore, Jones and others like her, refuse to pay taxes, yet use the tax

4   supported government system to vent their spleen against those who disagree with their version

5   of the law which has never been found legitimate.  For example, the government's attorney, G.

6   Patrick Jennings, came from Washington D.C. to attend the first hearing, and has had to respond

7   to frivolous filings by Jones.  See motion to dismiss, filed March 15, 2006, and opposition, filed

8   June 5, 2006.  Jones should have complied with the court's directive that she appear and explain

9   her actions.

10          In light of the foregoing history of attorney Jones' failure to obey court orders and

11   to appear at duly noticed hearings, the court will recommend Jones be held in contempt of court.

12   *Standards*

13          Magistrate judges must refer contempt proceedings to district court judges.  See

14   28 U.S.C. S 636(e); Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir.1996).

15          Where contempt is imposed to vindicate the authority of the court following a

16   completed act of disobedience, and the contemnor has no opportunity to purge himself of

17   contempt, the contempt is criminal in nature.  Bingman, 100 F.3d at 655-56.  In this case,

18   Kathryn Jones' acts of disobedience appear completed, and it may be appropriate to assess a fine

19   which is unconditional and punitive, or incarceration, in order to vindicate the authority of the

20   court.  See id.

21          Only a district judge may enter orders of contempt in proceedings of this type.  28

22   U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996); On Command Video

23   Corp. v. LodgeNet Entertainment Corp., 976 F. Supp. 917 (N.D. Cal. 1997).  The undersigned

24   may investigate whether further contempt proceedings are warranted and certify such facts to a

25   district judge.  28 U.S.C. § 636 (e).  The undersigned has concluded further contempt

26   proceedings are warranted and has certified the facts demonstrating disobedience with this

1    court's orders to the District Judge assigned to this case.

2          Accordingly, IT IS RECOMMENDED that Kathryn Jones be adjudged in

3    contempt of court.

4          These findings and recommendations are submitted to the United States District

5    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

6    (10) days after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9    shall be served and filed within ten (10) days after service of the objections.  The parties are

10    advised that failure to file objections within the specified time may waive the right to appeal the

11    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12          IT IS ORDERED that:

13          1.  Hearing on whether Kathryn Jones should be adjudged in criminal contempt of

14    court  is set before the District Judge assigned to this case, the Honorable Frank C. Damrell, Jr.,

15    on September 15, 2006, at 10:00 a.m.

16          2.  Counsel for the United States is directed to personally serve a copy of this

17    order on Kathryn Jones and expeditiously file a proof of service thereof; and

18          3.  Kathryn Jones is cautioned that failure to appear at hearing before the District

19    Judge may result in a warrant for her arrest.

20    DATED: 8/1/06                  /s/ Gregory G. Hollows

21                                     GREGORY G. HOLLOWS
                                     U. S. MAGISTRATE JUDGE

22    GGH/076
      Jones217.cmt.wpd

23

24

25

26