IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.

KATHRYN LOUISE JONES,

      Defendant.

CIV S-06-0217 FCD GGH PS

FINDINGS AND RECOMMENDATIONS

BACKGROUND

Previously pending on this court's law and motion calendar for June 22, 2006, were the government's motion for summary judgment and defendant's motion to strike it, defendant's motion to dismiss, defendant's request for default judgment, and defendant's motion for more definite statement.[1]

---

[1] The latter three motions are for the most part nonsensical. For example, defendant's motion to dismiss states that the government is a "pretended, and ostensibly non-existent plaintiff," and that district courts are not constitutional courts of the United States. MTD at 2, 4. In her motion for more definite statement, defendant requests the court to provide her with a more definite statement because a U.S. Magistrate Judge has no power or authority to overthrow

1

The government filed this complaint to nullify and enjoin false lien filings by pro se defendant Kathryn Jones. Because Jones did not appear at two court directed hearings, violating two orders without excuse for her failures, this court issued findings and recommendations re: contempt on August 1, 2006, and an amended findings on August 2, 2006. Defendant's actions and failures to act are fully set forth therein. The certification of facts will be repeated here as background:

> *Certified Facts*
> This action commenced with the United States' complaint to expunge and nullify UCC liens filed by Jones in California and with the County Recorder, Pima County, Arizona; default judgments also filed with the County Recorder were sought to be nullified. Appearing "on the soil, all rights reserved," Jones brought a motion to dismiss the complaint based on such frivolous theories as "Notice of Counterfeit Securities, Notice of Holder in Due Course Fraud."
>
> The motion to dismiss was not properly noticed but was set for hearing by the court on May 4, 2006 to be heard on June 22, 2006. That order directed Jones to personally appear at the June 22, 2006 hearing. Having invoked the Rule 12 procedure, the undersigned desired a full explanation of defendant Jones' motion. In the interim, the government filed a motion for summary judgment also set for June 22, 2006.
>
> Jones did not file opposition or a non-opposition to the government's motion, nor was there an appearance by Jones at hearing of the motions.[2] Accordingly, by order filed June 27, 2006, the court issued an order to show cause requiring Jones to personally appear on July 20, 2006 to explain why the court should not certify facts to the district judge and recommend that Jones be held in contempt of court for failing to obey the May 4, 2006 order. Jones was warned that a finding of contempt might result in a fine or incarceration or both, and might include an award of attorney's fees. Jones was also ordered to file a response to the order to show cause. Jones was cautioned that failure to comply with the June

---

all the provisions of Title 28 and the Federal Rules of Civil Procedure. Defendant's request for default judgment seeks default of G. Patrick Jennings for failing to validate his presentments in that he produced no evidence of a valid contract or evidence to support his "putative 'claim' imposing presumption of suretyship in the above-referenced matter." Because they are patently frivolous, defendant's motions will not be addressed

[2] Jones did file documents which were non-responsive to the government's motion, such as a motion to strike and a motion for more definite statement.

> 27, 2006 order would result in a recommendation to the district judge that she be held in contempt of court. Jones filed a response to the order to show cause which was unintelligible, and also filed a copy of the order to show cause with language printed over the top page which states:
> This 'order' failing to conform with any applicable published and promulgated law(s) or rule(s) for its issuance, and manifesting dishonor and violation of 28 U.S.C. § 636(b)(2) and (3), F.R.C.P. Rules 53(b), 73(a) and (b) and 83(1) and (2), and 28 U.S.C. §§ 2072(a) and (b), is hereby returned to its maker, 'Refused for cause without dishonor and, without recourse to me' pursuant to U.C.C. § 3-501(b)(3)(ii) nunc pro tunc '6/27/06.'
>
> See Response, filed July 12, 2006; Reply, filed July 14, 2006. This response is typical of the type of language used in Jones' pleadings.
>
> At hearing on July 20, 2006, attorney Yoshinori Himel appeared for the United States. Kathryn Jones did not appear at the hearing. At that time, the court stated its intent to certify facts and recommend contempt to the district judge.

Amended Order and Findings and Recommendations, filed August 2, 2006, at 2-3.

According to the government, Jones filed a UCC financing statement on May 5, 2005, with the Secretary of State of California, falsely describing as debtors ten IRS employees who had been involved in determination or collection of unpaid tax from defendant. Jones has also filed false documents entitled "default judgment" against three of the IRS employees in Pima County, Arizona. The government seeks a declaration that the financing statement and default judgments are null, void and of no legal effect. It also seeks to enjoin Jones from filing such nonconsensual lien, encumbrance or default judgment against officers of the United States in the future. The government additionally seeks attorney's fees. The only document filed by defendant which might be construed as an opposition is Jones' motion to strike summary judgment motion, filed May 4, 2006.

DISCUSSION

I. Summary Judgment Standards Under Rule 56

The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee note to 1963 amendment). Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact, and . . . the moving party is entitled to judgment as a matter of law." Rule 56(c). Disputed facts must be material (affecting the outcome of the suit under the governing law), and genuine (supported by evidence permitting a reasonable jury to return a favorable verdict). Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

The moving party:

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Rule 56(c)).

The moving party without the burden of proof at trial may rely "solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. (citations omitted.) That party need only point to the absence of a genuine material factual issue, and is not required to produce evidence negating the opponent's claim. Id. at 323-24; Lujan v. National Wildlife Fed'n, 497 U.S. 871, 885, 110 S. Ct. 3177, 3187 (1990).

When the moving party meets its responsibility, the burden shifts to the opposing party. Matsushita, 475 U.S. at 586, 106 S. Ct. at 1356. The opposing party then must submit "significant probative evidence" on each element of his claims on which he bears the burden at trial.[3] Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir. 1994). Unverified denials in pleadings are insufficient. Neither can conclusory statements defeat a properly supported motion. Scott v. Rosenberg, 702 F.2d 1263, 1271-72 (9th Cir. 1983). Rather, specific facts in the form of

---

[3] "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322.

4

affidavits or admissible discovery material must be submitted.  Rule 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n.11.

The opposing party need not conclusively establish any fact.  To demonstrate a genuine dispute, however, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).  In other words, the evidence must demonstrate that a trial is required to resolve the parties' differing versions of the truth. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

The court believes the evidence of the opposing party, Anderson, 477 U.S. at 255, 106 S. Ct. at 2513, and draws all reasonable inferences in its favor, Matsushita, 475 U.S. at 587, 106 S. Ct. at1356.  Nevertheless, inferences are not drawn out of the air, and the opposing party must produce a factual predicate from which to draw an inference.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

II. Declaratory and Injunctive Relief

District courts have jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."  26 U.S.C. § 7402(a). This authority "empowers the district court to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes."  Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985); see also, Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985), cert. denied, 476 U.S. 1183 (1986) (affirming district court's release of liens imposed by taxpayers on the property of government officials); U.S. v. Van Dyke, 568 F. Supp. 820 (D.Or.1983) (enjoining the filing of common-law liens to harass IRS employees and deter tax law enforcement); accord, U.S. v. Ekblad, 732 F.2d 562, 563 (7th Cir.1984) (U.S. has standing under 26 U.S.C. § 7402(a) and 28 U.S.C. § 1345 "to seek relief from actual or threatened interference with the performance of its proper governmental functions"); U.S. v.

1  Hart, 701 F.2d 749, 750 (8th Cir.1983) (finding jurisdiction under 26 U.S.C. § 7402(a) and 28
2  U.S.C. § 1340, 1345 and 1357); U.S. v Andra, 923 F. Supp.157, 159-160 (D. Idaho 1996)
3  (granting declaratory and injunctive relief against tax protesters who filed real property liens
4  against IRS agents).

5        Jones' motion to strike, construed as an opposition to plaintiff's motion for
6  summary judgment, fails to demonstrate a material factual dispute. Jones has not set forth a
7  statement of facts as required by the local rules.[4] Jones has neither complied with E. D. Cal. L.
8  R. 56-260(b) (requiring that the party opposing a summary judgment motion admit or deny the
9  moving party's statement of undisputed facts and submit supporting evidence), nor has defendant
10 submitted any material facts or evidence responsive to the government's supported allegations
11 that the lien is invalid. Significantly, Jones has produced no evidence demonstrating that the
12 challenged UCC Financing Statement is supported by any legitimate debt.

13        Accordingly, this court finds that UCC Financing Statement No. 05-702535214,
14 filed by Jones on May 5, 2005, as well as the purported default judgments, filed September 21,
15 2004, and containing docket number 12391, at pages 757, 755, and 753, filed with the County
16 Recorder of Pima County Arizona, are frivolous devices intended to harass the named IRS
17 officials and employees. Therefore, it is recommended that they be declared null, void, and
18 without legal effect.

19        The government also seeks a permanent injunction enjoining Jones from filing
20 any document or instrument which purports to create a non-consensual lien or encumbrance of

---

[4] Jones has submitted a purported "declaration;" however, it is not only not signed, it is not signed under penalty of perjury. It makes statements which are either false or nonsensical. For example, Jones states that the complaint is fatally deficient because it lacks: "plaintiff and/or identity and disclosure of real party(ies) in/of interest thereof; verified complaint under penalty of perjury; justifiable controversy evidencing this Court's ability to acquire jurisdiction and subject matter jurisdiction; valid service of process; Evidence of G. Patrick Jennings' legal and/or lawful authority ...; evidence of any valid law, whatsoever, duly published in the Federal Register with applicable and attendant implementing regulations evidencing this declarant's violation and/or trespass ....." Mtn. to Strike, at 2.

6

any kind against any employee of the federal government.

"[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837 (May 15, 2006), citing Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-313, 102 S. Ct. 1798 (1982) and Amoco Production Co. v. Gambell, 480 U.S. 531, 542, 107 S. Ct. 1396 (1987). "Permanent injunctive relief is warranted where . . . defendant's past and present misconduct indicates a strong likelihood of future violations." Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 564 (9th Cir. 1990) (citations omitted). "In seeking a permanent injunction, the moving party must convince the court that relief is needed: 'The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.'" Cummings v. Connell, 316 F.3d 886, 898 (9th Cir. 2003) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)). In making this determination, the court may consider "the degree of scienter involved; the isolated or recurrent nature of the infraction; the defendant's recognition of the wrongful nature of his conduct; the extent to which the defendant's professional and personal characteristics might enable or tempt him to commit future violations; and the sincerity of any assurances against future violations." United States v. Laerdal Mfg. Corp., 73 F.3d 852, 854-855 (9th Cir. 1995).

These factors are met. The government's injuries are significant, both presently and prospectively: to the IRS employees' reputations, credit ratings, titles to personal property, and the performance of their official duties. While declaratory relief will stem temporarily, the injuries created by Jones' current filings, Jones' demonstrated propensity to file unsubstantiated "official" documents can be halted only by an equitable remedy. Jones' documents filed

subsequent to her "motion to strike" the motion for summary judgment, including her "motion for more definite statement" and "notice of request for withdrawal of application of SS-5," demonstrate a "cognizable danger of recurrent violation" in filing unsupported "official" documents comparable to the fraudulent UCC Financing Statement and default judgment that underlie this action.  A permanent injunction will result in no bonafide hardship to Jones because her filings are unsubstantiated; however, significant and continuing hardship will beset the government, its employees, and others similarly situated if an injunction does not issue. Additionally, the public interest is served by protecting private individuals in the exercise of their official duties.

   III.  Attorney's Fees

The government also seeks attorney's fees in the amount of $4,812, under 28 U.S.C. § 1927 and the court's inherent power, for thirty hours at $160.40 per hour.  Jennings Decl.

Section 1927 permits recovery of excess costs, including attorney's fees, against an attorney who unreasonably and vexatiously multiplies proceedings.  A § 1927 award requires a finding that the attorney to be assessed not only multiplied the proceedings but did so recklessly or in bad faith.  Goehring v. Brophy, 94 F.3d 1294, 1306 (9th Cir.1996); Kanarek v. Hatch, 827 F.2d 1389, 1391 (9th Cir.1987).  An attorney who knowingly or recklessly raises a frivolous argument, or makes a meritorious assertion merely to harass an opponent, is guilty of bad faith. Trulis v. Barton, 67 F.3d 779, 788 (9th Cir.1995), as amended, 107 F.3d 685 (9th Cir.1995). Section 1927 sanctions also may be imposed against pro se litigants.  Wages v. I.R.S., 915 F.2d 1230, 1235-36 (9th Cir. 1990).  The standard is subjective bad faith, and the court need not find objectively unreasonable behavior as well.  Salstrom v. Citicorp Credit Services, Inc., 74 F.3d 183, 184 (9th Cir.1996).

Jones' filings since the filing of the instant complaint have served to multiply the proceedings in this case, as have her actions resulting in a criminal contempt finding.  Therefore,

the court will recommend an award of sanctions under section 1927 based on Jones' actions as described herein, and as further detailed in this court's findings and recommendations re: contempt, filed August 1, 2006.[5]

Attorney Jennings has devoted thirty hours of time in prosecuting this case. At a rate of $160.40 per hour, his request for $4,812 is reasonable. However, government counsel is not entitled to fees associated with the filing of the complaint. Although Jones' actions underlying the reasons why the government had to file this action may have been vexatious, section 1927 is not a statute designed to compensate for pre-litigation activities. See Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986), amended 803 F.2d 1085(section 1927 does not apply to filing of the complaint). Mr. Jennings must therefore file a declaration within ten days of today's date deleting the amount of time expended in drafting the complaint and any time expended prior to the first appearance of defendant Jones in this case.

CONCLUSION

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for summary judgment, filed April 21, 2006, be granted.

2. UCC Financing Statement Number No. 05-702535214, filed by defendant on May 5, 2005, as well as the purported default judgments, filed September 21, 2004, and containing docket number 12391, at pages 757, 755, and 753, filed with the County Recorder of Pima County Arizona, be adjudged and declared null, void, and without legal effect.

3. Leave be granted for plaintiff to file the judgment and order of this court with the California Secretary of State and in the public records of any other jurisdiction where documents identical to UCC Financing Statement, Document Number 05-702535214, or the aforementioned default judgments, have been filed by defendant.

---

[5] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

4. Defendant Kathryn Louise Jones, her agents, employees and any other participants, be permanently enjoined from filing or attempting to file any document or instrument which purports to create any nonconsensual lien or encumbrance against the person or property of any employee or officer of the United States.

5. Plaintiff United States be awarded its costs and reasonable attorney's fees incurred in this action; attorney Jennings shall submit a recalculated fees amount within ten days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/8/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH/076
USJones0217.msj.wpd