UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

         Plaintiff,

    v.

KATHRYN LOUISE JONES,

         Defendant.

NO. CIV. S-06-0217 FCD GGH PS

ORDER FOR SANCTIONS

----oo0oo----

On February 1, 2006, the United States filed this action against defendant Jones to expunge and nullify UCC liens filed by defendant against government officials.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule No. 72-302(c).  On August 2, 2006, the magistrate judge filed an Amended Order and Findings and Recommendations ("F&Rs"), recommending that defendant Kathryn Jones be adjudged in contempt of court and ordering a hearing on whether defendant should adjudged in criminal contempt of court.

1    This action commenced with the United States' complaint to
2  expunge and nullify UCC liens filed by Jones in California and
3  with the County Recorder, Pima County, Arizona; default judgments
4  also filed with the County Recorder were sought to be nullified.[1]
5  Appearing "on the soil, all rights reserved," Jones brought a
6  motion to dismiss the complaint based on such frivolous theories
7  as "Notice of Counterfeit Securities, Notice of Holder in Due
8  Course Fraud."

9    The motion to dismiss was not properly noticed but was set
10  for hearing by the court on May 4, 2006 to be heard on June 22,
11  2006.  That order directed Jones to personally appear at the June
12  22, 2006 hearing.  Having invoked the Rule 12 procedure, the
13  undersigned desired a full explanation of defendant Jones'
14  motion.  In the interim, the government filed a motion for
15  summary judgment also set for June 22, 2006.

16    Jones did not file opposition or a non-opposition to the
17  government's motion, nor was there an appearance by Jones at
18  hearing of the motions.[2]  Accordingly, by order filed June
19  27, 2006, the court issued an order to show cause requiring Jones
20  to personally appear on July 20, 2006 to explain why the court
21  should not certify facts to the district judge and recommend that
22  Jones be held in contempt of court for failing to obey the May 4,
23  2006 order.  Jones was warned that a finding of contempt might

24

_____

25    [1]   The facts of this case are taken from the certified
    facts submitted by the magistrate judge in the F&Rs, filed
26  August, 2, 2006.

27    [2]   Jones did file documents which were non-responsive to
    the government's motion, such as a motion to strike and a motion
28  for more definite statement.

result in a fine or incarceration or both, and might include an award of attorney's fees.  Jones was also ordered to file a response to the order to show cause.  Jones was cautioned that failure to comply with the June 27, 2006 order would result in a recommendation to the district judge that she be held in contempt of court.  Jones filed a response to the order to show cause which was unintelligible, and also filed a copy of the order to show cause with language printed over the top page which states:

> This 'order' failing to conform with any applicable published and promulgated law(s) or rule(s) for its issuance, and manifesting dishonor and violation of 28 U.S.C. § 636(b)(2) and (3), F.R.C.P. Rules 53(b), 73(a) and (b) and 83(1) and (2), and 28 U.S.C. §§ 2072(a) and (b), is hereby returned to its maker, 'Refused for cause without dishonor and, without recourse to me' pursuant to U.C.C. § 3-501(b)(3)(ii) nunc pro tunc '6/27/06.'

See Response, filed July 12, 2006; Reply, filed July 14, 2006. This response is typical of the type of language used in Jones' pleadings.

At hearing on July 20, 2006, before the magistrate judge attorney Yoshinori Himel appeared for the United States.  Kathryn Jones did not appear at the hearing.  At that time, the court stated its intent to certify facts and recommend contempt to the district judge.

On September 15, 2006, the court held a hearing on whether defendant Kathryn Jones should be adjudged in criminal contempt of court.  Attorney Michelle Rodriguez appeared for the United States.  Again, Kathryn Jones failed to appear at the hearing.

The court considers defendant's failures to appear at court hearings a serious violation of the Local Rules of this court. See L.R. 78-230.  Moreover, her failure to appear despite clear

3

judicial orders to do so evinces a disturbing lack of respect for this court and its orders, and constitutes grounds for finding her in criminal contempt of court.  <u>See</u> L.R. 11-110; <u>see also</u> <u>Walsh v. US ex rel White</u>, 338 US 804 (1940).

Therefore, IT IS HEREBY ORDERED that:

1.  Defendant is adjudged in criminal contempt of court for failure to comply with court orders.

2.  Defendant shall pay sanctions in the amount of **$300.00.** Payment should be in the form of a check made payable to The Clerk Of The Court.  The sum is to be paid personally by defendant **not later than thirty (30) days** from the filing of this Order for Sanctions.

IT IS SO ORDERED.

DATED: September 15, 2006

                                        /s/ Frank C. Damrell Jr.
                                        FRANK C. DAMRELL, Jr.
                                        UNITED STATES DISTRICT JUDGE

4