UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

KATHRYN LOUISE JONES,

        Defendant.

NO. CIV. S-06-0217 FCD GGH PS

ORDER

----oo0oo----

    On February 1, 2006, the United States filed this action against defendant Jones to expunge and nullify UCC liens filed by defendant against government officials.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule No. 72-302(c).  On August 2, 2006, the magistrate judge filed an Amended Order and Findings and Recommendations ("F&Rs"), recommending that defendant Kathryn Jones be adjudged in contempt of court.  On August 8, 2006, the magistrate judge filed Findings and Recommendations, recommending

that plaintiff's motion for summary judgment be granted, recommending that attorneys' fees be granted, and directing plaintiff's counsel to submit a declaration deleting fees for any time expended prior to the first appearance by defendant in this action.  On September 15, 2006, this court adopted the magistrate judge's F&Rs in full and found defendant in criminal contempt for failure to comply with court orders.

On September 26, 2006, plaintiff's counsel submitted a declaration, demonstrating that he has devoted fifty hours of time in prosecuting this case.  This time includes opposing defendant's motion to dismiss, drafting and circulating numerous declarations, and preparing a motion for summary judgment.  It also includes attempting to serve defendant with an order to show cause, reporting such attempts to the court, and participating in two hearings relating to defendant's criminal contempt for failing to appear as ordered.  This time does not include any work prior to the filing of defendant's motion to dismiss.  At a rate of $160.40 per hour,[1] plaintiff requests $8,020.00 in fees.

28 U.S.C. § 1927 permits recovery of excess costs, including attorney's fees, against an attorney who unreasonably and vexatiously multiplies proceedings.  A § 1927 award requires a finding that the attorney to be assessed not only multiplied the proceedings but did so recklessly or in bad faith.  Goehring v. Brophy, 94 F.3d 1294, 1306 (9th Cir.1996); Kanarek v. Hatch, 827 F.2d 1389, 1391 (9th Cir.1987).  The magistrate judge

---

[1] This rate is equal to the rate referenced in the Equal Access to Justice Act, adjusted for inflation.  This is a reasonable rate for government attorneys.  See United States v. City of Jackson, 359 F.3d 727, 734 (5th Cir. 2004).

1 | preciously recommended that defendant's conduct in this case
2 | should result in sanctions under § 1927, and the court
3 | subsequently adopted this recommendation.
4 |     Based upon the record of defendant's conduct and filings in
5 | this case, as well as plaintiff's counsel's declaration,
6 | plaintiff's request for $8.020.00 is reasonable.  Therefore,
7 | plaintiff's request for attorney's fees in the amount of
8 | $8,020.00 is GRANTED.
9 |     IT IS SO ORDERED.
10 | DATED: October 24, 2006

                                  /s/ Frank C. Damrell, Jr.
                                  FRANK C. DAMRELL, Jr.
                                  UNITED STATES DISTRICT JUDGE